**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| KATHEE A. COLMAN,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., Group Benefit Plan; HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>        Defendants-Appellees. | No.   15-15903<br><br>D.C. No. 3:14-cv-01584-VC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted May 16, 2017[**]
San Francisco, California

Before: CANBY and MURGUIA, Circuit Judges, and RUFE,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Kathee Colman appeals the district court's grant of judgment in favor of American International Group, Inc., Group Benefit Plan and Hartford Life and Accident Insurance Company, in her action under the Employee Retirement Income Security Act of 1974 ("ERISA"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court properly concluded that an abuse of discretion standard applies to Hartford's denial of benefits. Because the plan unambiguously provides discretion to the administrator, the standard of review shifts "from the default of de novo to the more lenient abuse of discretion." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). Colman contends that the district court erred in applying this standard because Hartford did not produce all of the relevant plan documents, and because any discretion in the plan was voided by section 10110.6 of the California Insurance Code. She failed, however, to raise either of these arguments before the district court, and we decline to consider them for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

The district court appropriately tempered the level of discretion afforded to Hartford to account for several minor procedural errors but those errors did not justify de novo review. *See Abatie*, 458 F.3d at 972. The record demonstrates a

continuing good faith exchange of information between Hartford and Colman in which Hartford repeatedly advised Colman that she needed to provide evidence that her physical ailments prevented her from working in any occupation. The materials that Colman submitted in support of her administrative appeal demonstrated that she understood the need to show that she was physically disabled.

Colman argues that the plan's definition of mental illness for purposes of the 24-month coverage limitation was ambiguous, and that the principle of *contra proferentem* requires any ambiguity to be construed in favor of coverage. The plan, however, expressly granted Hartford the discretion to construe any ambiguities. In that case, the doctrine of *contra proferentem* does not apply, and the only question is whether Hartford's interpretation is reasonable. *Day v. AT & T Disability Income Plan*, 698 F.3d 1091, 1098 (9th Cir. 2012). Hartford's determination that the limitation applied to claims in which mental illness is a "but-for cause" of the disability was reasonable. Hartford's conclusion that Colman had exhausted her 24 months of mental illness disability coverage as of August 2013.

Hartford did not abuse its discretion in denying long-term benefits. The district court properly weighed the appropriate case-specific factors, including

Hartford's conflict of interest, in its abuse of discretion analysis. *See Montour v. Hartford Life & Accident Ins. Co*., 588 F.3d 623, 630 (9th Cir. 2009). Hartford's determination that Colman had not demonstrated that she was disabled as a result of her physical ailments was overwhelmingly supported by the medical evidence.

The district court's judgment is **AFFIRMED.**